IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ANTHONY J. GOBERT, #26476　　　§
　　　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　　　§　　　CIVIL ACTION NO. G-06-295
　　　　　　　　　　　　　　　　§
GEAN LEONARD, ET AL.　　　　　　§

## REPORT AND RECOMMENDATION

Plaintiff Anthony J. Gobert, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Having carefully reviewed Plaintiff's complaint and answers to interrogatories, this Court makes the following recommendation to the District Court.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination of whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986).

1

Plaintiff entered the Galveston County jail as an inmate on F-pod on April 15, 2006.  He alleges that eleven days after entering the jail, on April 26, 2006, he suffered headaches, shortness of breath and body cramps, which he believes were directly caused by a presumed presence of lead-based paint and asbestos in his pod area.  Plaintiff had learned the day before, on April 25, 2006, that inspections for the presence of lead and asbestos were allegedly conducted at the jail.  He submitted a sick call request and was examined in the infirmary for his complaints.  He was told that his symptoms were caused by stress, anxiety and migraine headaches, and was prescribed Tylenol.

Plaintiff also asserts that his constitutional rights were violated when a brush used to scrub a toilet was also used to scrub the tray hatch through which food is delivered on a tray.  He seeks monetary damages.

Under the Prison Litigation Reform Act (PLRA), prisoners filing suit must demonstrate a physical injury to sustain a claim for damages.  42 U.S.C. § 1997e(e); *Harper v. Showers*, 174 F.3d 716, 719 n. 5 (5th Cir. 1999).  Section 1997e(e) states: "No federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Courts have strictly construed the physical injury requirement, precluding claims by prisoners who demonstrate only mental or emotional injury and barring physical injury claims where the injury alleged is *de minimis*.  *See e.g. Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  The injury must be more than *de minimis*, but need not be significant.  *Id*.

Plaintiff's claims for damages do not survive the PLRA's physical injury requirement.  He alleged no physical injury in his original complaint or in his answers to interrogatories, other than

anxiety, stress and headaches. Having suffered no actual, physical injury, Plaintiff's claim for damages due to the alleged unsanitary or unhealthy conditions at the jail has no legal support.

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the instant cause be **DISMISSED with prejudice as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff, who shall have until **July 27, 2006,** in which to have written objections physically on file in the Office of the Clerk.  The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300.  Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the _____10th_____ day of July, 2006.

John R. Froeschner
United States Magistrate Judge

3